# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **DENNIS R. BOLZE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:19-cv-00369 |
| ) | REEVES/POPLIN |
| **WARDEN, FCC COLEMAN,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in which Petitioner alleges that his 2001 convictions in Sevier County, Tennessee for failure to file sales tax returns were unconstitutional because he was denied his constitutional rights to counsel and against self-incrimination [Doc. 1]. Now before the Court is Respondent's motion to dismiss the petition for lack of jurisdiction or, in the alternative, as time-barred [Doc. 8]. Petitioner has filed a response in opposition to this motion [Doc. 9], as well as a motion for extension of time to file a supplemental response in opposition [Doc. 10]. For the reasons set forth below, Petitioner's motion for extension of time to file a supplemental response to the motion to dismiss [*Id.*] will be **DENIED** and Respondent's motion to dismiss [Doc. 8] will be **GRANTED** to the extent that this action will be **DISMISSED** as untimely.

### I. MOTION FOR EXTENSION

In his motion for extension of time to file a supplemental response to Respondent's motion to dismiss, Petitioner states that on December 6, 2019, he received "long sought after documents, facts, and records including State of Tennessee[] Supreme Court Rulings" that support his § 2254 petition [Doc. 10 p. 1–2]. Petitioner specifically asserts that these documents support his argument

that the State of Tennessee lost subject matter jurisdiction over his underlying state criminal proceedings when it denied him, an indigent prisoner, assistance of counsel, and that the underlying state criminal judgments against him are therefore a nullity [*Id.*].

However, as set forth more fully below, the § 2254 petition is time-barred. Moreover, Petitioner's argument that his lack of appointed counsel for his underlying 2001 criminal convictions and/or his 2017 post-conviction petition[1] makes the 2001 criminal judgments against him null or void does not affect this finding. *Witherell v. Warren*, No. 18-1409, 2018 WL 4897064, at *3 (6th Cir. June 21, 2018) (holding that "[e]ven where a state court conviction is void, the federal habeas statute of limitations still applies . . . .") (citing *Frazier v. Moore*, 252 F. App'x. 1, 5–6 (6th Cir. 2007)).

Thus, allowing Petitioner to file a supplemental response to Respondent's motion to dismiss would be futile. Accordingly, Petitioner's motion to do so [Doc. 10] will be **DENIED**.

## II. MOTION TO DISMISS

Accordingly, the Court will now consider the merits of Respondent's motion to dismiss the § 2254 petition for lack of jurisdiction or, in the alternative, as time-barred [Doc. 8]. The Court will address the arguments therein in turn.

### A. Jurisdiction

First, as Petitioner alleges that he was improperly denied counsel for his underlying state court proceedings, Respondent's argument that the Court lacks jurisdiction over the § 2254 petition is without merit. Specifically, federal courts only have jurisdiction to entertain petitions for habeas corpus relief from persons who are "in custody in violation of the Constitution or laws or treaties

---

[1] Notably, a criminal defendant has "no constitutional right to an attorney in post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (U.S. 1991).

of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). The Supreme Court has clarified "that the habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S.234, 238 (1968)); *Lackawanna County,* 532 U.S. 394, 403 (2001) (holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because defendant did so unsuccessfully)," the prisoner cannot collaterally attack that prior conviction in a federal petition for a writ of habeas corpus). However, one exception to this rule is that a federal court may review a state conviction arising out of a fully expired sentence where the petitioner did not have counsel for that conviction. *Abdus-Samad v. Bell*, 420 F.3d 614, 630 (6th Cir. 2005) (holding that a federal court may review a state conviction with a fully expired sentence where the petitioner did not have counsel for that conviction, among other things).

As Petitioner alleges that he was improperly denied counsel for his underlying state court criminal proceedings, Petitioner's § 2254 petition falls under an exception to the "in custody" requirement and the Court therefore has jurisdiction over the § 2254 petition.

### B. TIME BAR

As set forth above, Respondent also asserts in his motion to dismiss that the § 2254 petition is time-barred. In his petition, Petitioner asserts that his claims are not time-barred because his underlying 2001 state court criminal convictions are "void" and he did not discover his claim regarding the denial of his right against self-incrimination in time to file an appeal [Doc. 1 p. 7 and 13]. Also, in his response in opposition to Respondent's motion to dismiss the petition, Petitioner asserts that the Court should consider his petition timely because the state court did not appoint him counsel for his 2017 post-conviction petition and therefore denied him a fair opportunity to

3

present his claims for post-conviction relief in violation of *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) [Doc. 9[2]].

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq*., provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by the conclusion of direct review . . . . or
>
> \*     \*     \*

---

[2] In his response in opposition to Respondent's motion to dismiss the petition, Petitioner conflates the concepts of exhaustion, procedural default, and the state court statute of limitations for post-conviction petitions, as well as arguments on the merits of his § 2254 claims [Doc. 9].

Specifically, Petitioner argues that he exhausted his § 2254 claims by attempting to present them to the state courts in his 2017 petition for post-conviction relief, and that the state courts' application of the state post-conviction statute of limitations to bar that petition should not prevent this Court from addressing his claims for § 2254 relief because Petitioner's lack of representation by counsel in his underlying criminal proceedings and in filing his post-conviction petition establishes cause and prejudice to excuse both his procedural default of his claims and the untimeliness of his § 2254 petitions [*Id.* at 1–13]. In support thereof, Petitioner relies on *Martinez*, 132 S. Ct. at 1320, *Whitehead v. State*, 402 S.W. 3d 615 (Tenn. 2013) (a Tennessee Supreme Court case addressing the application of the Tennessee statute of limitations for post-conviction claims), *Rice v. Olson*, 324 U.S. 786 (1945) (a Supreme Court case noting the importance of a habeas claim alleging that the petitioner had been denied counsel in an underlying criminal proceeding and reversing a district court's summary dismissal of a petition asserting such a claim), and Sixth Circuit cases addressing prejudice resulting from the denial of counsel to criminal defendants [*Id.* at 10–12].

However, none of the cases that Petitioner cites is, on its face, relevant to Respondent's assertion that Petitioner's claims are barred by the AEDPA statute of limitations. Regardless, reading Petitioner's response as a whole and liberally construing the allegations therein in Petitioner's favor, it appears that Petitioner's argument that the Court should consider his § 2254 petition timely based on his lack of counsel for his 2017 post-conviction motion to vacate his convictions rests on *Martinez* [*Id.* at 6, 10–11].

4

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . . ," however. 28 U.S.C. § 2244(d)(2).

Petitioner pled guilty to and was sentenced for his underlying Sevier County convictions on August 28, 2001 [Doc. 1 p. 1, 32–36]. Petitioner did not appeal these convictions [*Id.* at 2].

Accordingly, for AEDPA purposes, Petitioner's convictions became final on September 28, 2001, the day on which Petitioner's time to file an appeal expired. *See*, *e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that where the Tennessee habeas petitioner did not pursue a direct appeal, his state court conviction was deemed "final" when the thirty-day time-period in which he could have done so expired). Thus, the AEDPA one-year statute of limitations began to run on September 29, 2001, and expired on September 29, 2002. Moreover, Petitioner's 2017 state court motion to vacate the underlying criminal judgment against him [*Id*. at 3] did not restart the AEDPA statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that "[t]he tolling provision does not . . . 'revive' the [AEDPA statute of] limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run"). As such, Petitioner's § 2254 petition, which he filed on August 14, 2019 [*Id.* at 24], is untimely.

The AEDPA statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that she has diligently pursued her rights, but an extraordinary circumstance prevented her from timely filing the petition. *Holland*, 560 U.S. at 649. A petitioner bears the burden of demonstrating that she is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S.

5

408, 418 (2005), and federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

As set forth above, in his response in opposition to Respondent's motion to dismiss the petition, Petitioner relies on case law holding that where a habeas petitioner could raise a claim for trial counsel's ineffective assistance for the first time in a post-conviction petition, ineffective assistance of post-conviction counsel may be "cause" to excuse the procedural default of such a claim to assert that the Court should consider his petition timely [Doc. 9 p. 1, 6–13]. *Wallace v. Sexton*, 570 F. App'x 443, 452–53 (6th Cir. 2014); *Trevino v. Thaler*, 133 S.Ct. 1911, 1918–21 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012). Specifically, Petitioner relies on *Martinez* and *Trevino* to assert that the untimeliness of his petition should be excused because the state court's failure to appoint him counsel for his 2017 post-conviction petition denied him of a meaningful opportunity to obtain relief for his claims [*Id.* at 6, 10–13]. However, as set forth above, a criminal defendant has "no constitutional right to an attorney in post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (U.S. 1991). Moreover, the *Martinez* exception to the procedural default doctrine does not allow Petitioner to overcome a time bar. *See, e.g.*, *Cradic v. Lee*, No. 3:17-CV-00522, 2018 WL 3625445, at *4 (E.D. Tenn. July 30, 2018) (holding that "'[s]imply put, the *Martinez* exception does not work to excuse a petition that is time-barred'") (quoting *Taylor v. Cook*, No. 1:13-CV-220, 2015 WL 1534519, at *4 (E.D. Tenn. April 6, 2015)). Accordingly, this argument is without merit.

Further, to the extent that Petitioner argues in his petition that he is entitled to equitable tolling of the statute of limitations for his claim that he was deprived of his right against self-

incrimination because he did not discover this claim until after his time to file a direct appeal had passed [Doc. 1 p. 7], this is not sufficient grounds for equitable tolling. *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (holding that "ignorance of the law alone is not sufficient to warrant equitable tolling"). Likewise, Petitioner's argument in his petition that his § 2254 claims are not time-barred because his underlying convictions were "void" [*Id.* at 13] is insufficient to entitle him to prevent the AEDPA statute of limitations from applying to the § 2254 petition. *Witherell v. Warren*, No. 18-1409, 2018 WL 4897064, at *3 (6th Cir. June 21, 2018) (holding that "[e]ven where a state court conviction is void, the federal habeas statute of limitations still applies . . . .") (citing *Frazier v. Moore*, 252 F. App'x. 1, 5–6 (6th Cir. 2007)).

Accordingly, Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations, his § 2254 petition is time-barred, and this action will be **DISMISSED**.

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

### IV. CONCLUSION

For the reasons set forth above:

1. Petitioner's motion for extension of time to file a supplemental response to the motion to dismiss [Doc. 10] will be **DENIED**;

7

2. Respondent's motion to dismiss the petition as time-barred [Doc. 8] will be **GRANTED**;

3. A COA will not issue; and

4. This action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**